An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRIPLE J. TOURS, INC., D/B/A TRIPLE J. TOURS, A NEVADA CORPORATION; JAMES LAYMAN; AND BOYD GAMING CORPORATION D/B/A BOYD GAMING, A NEVADA CORPORATION,<br>Petitioners,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE MICHAEL VILLANI, DISTRICT JUDGE,<br>Respondents,<br>and<br>THE ESTATE OF SCOTT THOMASON; CHRIS THOMASON, INDIVIDUALLY, AS SPECIAL ADMINISTRATOR, AND AS THE PERSONAL REPRESENTATIVE AND HEIR OF SCOTT THOMASON,<br>Real Parties in Interest. | No. 63248<br><br>**FILED**<br><br>JUL 24 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a wrongful death action.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is generally not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21765

at 197, 179 P.3d at 558. It is within our discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). This court generally will not consider writ petitions challenging district court orders denying motions to dismiss unless no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or an important issue of law needs clarification. *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

Here, petitioners argue that the district court should have dismissed the action based on its inherent powers because a previous case had been filed relating to the same underlying incident. According to petitioners, however, the previous action was dismissed for procedural reasons. Moreover, petitioners have not identified either clear authority obligating the district court to dismiss this action or an important issue of law that needs clarification. Accordingly, we deny the petition. *See* NRAP 21(b)(1); *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
Hall Jaffe & Clayton, LLP
Jones Wilson
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A