An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELISSA C.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62567

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, PROHIBITION

This is an original petition for a writ of mandamus or, in the alternative, prohibition that challenges a district court order denying petitioner's motion to dismiss the abuse and neglect petition filed pursuant to NRS Chapter 432B. Petitioner contends that the State failed to file the petition within ten days after the protective custody hearing or demonstrate good cause as required by NRS 432B.490(1)(b).

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Additionally, writ relief may be available when there is no adequate legal remedy. *See In re A.B.*, 128 Nev. ___, ___, 291 P.3d 122,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21782

126 (2012) (recognizing that an extraordinary writ petition was an appropriate vehicle to challenge an order that dismissed a petition alleging abuse and neglect). It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We have considered the petition, the answer, and the reply. Although the abuse and neglect petition was not filed within ten days after the protective custody hearing, the child was returned to his mother's care the day after the protective custody hearing. Under these circumstances, we conclude that our intervention by way of extraordinary relief is not warranted. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that the issuance of an extraordinary writ is purely discretionary with this court).[1] Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]We take judicial notice that NRS 432B.490 was substantively amended on May 24, 2013. *See* A.B. 174, 77th Leg. (Nev. 2013).

[2]In light of our decision in this matter, we deny petitioner's motion for a stay, and we vacate the temporary stay imposed by our February 8, 2013, order. We further deny petitioner's motion to strike the answer.

cc: Hon. Robert Teuton, District Judge, Family Court Division
Special Public Defender
Attorney General/Carson City
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk