An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEAL SCHNOG,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
GAYLE NATHAN, DISTRICT JUDGE,
Respondents,
and
KAREN SCHNOG,
Real Party in Interest.

No. 64084

**FILED**

SEP 26 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, PROHIBITION*

This is an original petition for a writ of mandamus or, in the alternative, prohibition challenging a district court order for the release of funds from a corporate account and an order directing petitioner to deposit funds in his attorney's trust account to secure payment of an attorney fees award.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28898

considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Petitioner has the burden of demonstrating that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). NRAP 21(b)(4) requires the petitioner to submit with the petition an appendix that contains copies of any orders or other parts of the record that may be essential to understanding the matters contained in the petition.

Here, petitioner did not file an appendix with the petition or provide this court with any orders or parts of the record to assist this court in evaluating his petition. Additionally, petitioner indicates that the district court scheduled an evidentiary hearing for December 19, 2013, to consider its authority to order the release of funds from a corporate account to satisfy the attorney fees award. Under these circumstances, we conclude that our intervention is not warranted. *See* NRAP 21(b); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith,* 107 Nev. at 677, 818 P.2d at 851 (stating that the issuance of an extraordinary writ is purely discretionary with this court). Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Gayle Nathan, District Judge
McFarling Law Group
Kelleher & Kelleher, LLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A