An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GAUTHAM REDDY, M.D.; GAUTHAM GUMMADI REDDY, M.D., LIMITED D/B/A ANTHEM HILLS MEDICAL, Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE VALORIE J. VEGA, Respondents, and EDEN DAVIS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF CHRISTOPHER DAVIS, AND ON BEHALF OF AINSLEY DAVIS, ANDREW DAVIS, AND ALEXANDRA DAVIS, MINOR CHILDREN, Real Parties In Interest. | No. 65354 **FILED** APR 2 1 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court oral ruling that denied petitioners' motion to vacate and reschedule a trial date in the underlying medical malpractice action.

Having considered the parties' arguments in this writ proceeding, we conclude that our intervention by way of extraordinary writ is not warranted, as petitioners have not demonstrated that the district court arbitrarily or capriciously exercised its discretion in denying the motion to vacate the trial date. The current trial date was set during an August 6, 2013, hearing, at which petitioners' attorney was present and agreed to the date and his agreement continued for approximately another eight months while discovery proceeded. It was not until two months

14 -12744

before the trial was set to begin that petitioners moved to vacate the trial date. Thus, applying the standards for mandamus relief to the instant matter, we conclude that our intervention is not warranted. *See* NRS 34.160 (providing that a writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion); *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (providing that it is the petitioner's burden to demonstrate that our extraordinary intervention is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 679, 818 P.2d 849, 853 (1991) (explaining that a writ of mandamus is an extraordinary remedy and whether such a writ will be considered is within our sole discretion). Although petitioners argue that the district court's decision to deny the motion was not based on reason, but rather on a preference for maintaining the trial date, the documents provided to this court do not support this argument or demonstrate that the district court otherwise acted arbitrarily or capriciously under the circumstances. Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Valorie J. Vega, District Judge
Hafter Law
Harrison Davis Steakley Morrison, P.C.
Wetherall Group, LTD.
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A