# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN ARMESE WOODS,
Petitioner,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66300

**FILED**

NOV 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original proper person petition for a writ of mandamus or prohibition seeking the disqualification of a judge in a criminal matter.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a court exercising its judicial functions when such proceedings are in excess of the court's jurisdiction. NRS 34.320. This court has the discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

In this case, petitioner has filed a writ petition seeking the disqualification of Judge Jessie Walsh in his criminal case in Eighth

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37615

Judicial District Court Docket No. C273826. As an initial matter, petitioner has not properly served Judge Walsh or named her or the district court as a respondent in this matter. *See* NRAP 21(a)(1). Moreover, all litigants seeking a judge's disqualification must first follow the procedures set forth in NRS 1.235 for seeking such disqualification in the district court. Petitioner has presented no evidence here that he has complied with NRS 1.235. And in any event, it is unclear whether petitioner would meet the time deadlines imposed by NRS 1.235. Thus, having considered the petition and appendix filed in this matter, we conclude that petitioner has not demonstrated that our intervention by way of extraordinary relief is warranted. *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith*, 107 Nev. at 677, 818 P.2d at 851; *see also* NRAP 21(b)(1). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Ian Armese Woods
Attorney General/Carson City
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A