An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN CHRISTOPHER GAZLAY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 67556

FILED

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION

This is a pro se petition for a writ of mandamus challenging the district court's denial of petitioner Steven Christopher Gazlay's pretrial petition for a writ of habeas corpus.[1] A writ of mandamus may issue to compel the performance of an act which the law requires "as a duty resulting from an office, trust or station," NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *see Round Hill. Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Whether to consider a writ petition is within this court's

---

[1]In the alternative, Gazlay seeks a writ of prohibition. Because the district court had jurisdiction to consider Gazlay's pretrial habeas petition, a writ of prohibition is inappropriate. *See* NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15242

discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Gazlay argues that the State failed to present exculpatory evidence to the grand jury and that unrelated and irrelevant testimony was introduced at the grand jury proceeding. "Dismissal of an indictment on the basis of governmental misconduct is an extreme sanction that should be utilized infrequently." *Lay v. State*, 110 Nev. 1189, 1198, 886 P.2d 448, 454 (1994). The defendant must show substantial prejudice, or a reasonable probability that the outcome would have been different absent the misconduct, in order to warrant dismissal of an indictment. *Id.*; *see also Sheriff v. Keeney*, 106 Nev. 213, 216, 791 P.2d 55, 57 (1990).

We conclude that extraordinary relief is not warranted. Gazlay fails to demonstrate a reasonable probability that the grand jury would not have found probable cause existed to indict him had the letter been introduced or had the unrelated testimony been omitted. Therefore, Gazlay fails to demonstrate that the district court manifestly abused its discretion by denying his pretrial petition for a writ of habeas corpus. *See Rugamas v. Eighth Judicial Dist. Court*, 129 Nev. Adv. Op. No. 46, 30 P.3d 887, 895-96 (2013) (a district court manifestly abuses its discretion by denying a pretrial habeas petition when there is *no* legal evidence to

satisfy the elements of the charged offenses in a challenged indictment).

Accordingly, we

ORDER the petition DENIED.

_____
Parraguirre

_____ , J.
Douglas

_____ , J.
Cherry

cc:   Hon. Elizabeth Goff Gonzalez, District Judge
      Steven Christopher Gazlay
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk