An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ECATERINA CIAUSOVA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE SANDRA L.
POMRENZE, DISTRICT JUDGE,
Respondents,
and
ANDREI CIAUSOV,
Real Party in Interest.

No. 68287

FILED

JUL 0 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging an order that declined to take further jurisdiction over child custody, directs the parties to litigate the child custody issues in the Republic of Moldova, and closes the case. Having reviewed the petition and appendix, we conclude that petitioner has not demonstrated that the district court exceeded its jurisdiction or arbitrarily or capriciously exercised its discretion. *See* NRS 34.160; NRS 34.320; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002).

The district court properly exercised temporary, emergency jurisdiction to address a credible risk of abduction. *See* NRS 125D.150-210. Petitioner had the opportunity to file a written response and present her arguments to the district court at the hearing. NRS 125D.200(2). Thereafter, the district court declined to retain jurisdiction beyond the

15-20380

emergency temporary pick-up order. Given the circumstances of this case, we find unpersuasive petitioner's arguments that the district court should have retained temporary jurisdiction under NRS 125A.335 to resolve the custody issues. Both parties concede that the Republic of Moldova, not Nevada, is the child's home state under the Uniform Child Custody Jurisdiction and Enforcement Act. *See* NRS 125A.085 (defining "home state"); 125A.225 (treating foreign countries as "sister" states). The child's home state is the proper forum to litigate the issues of custody. *See* NRS 125A.305. The parties asserted that their temporary visas are set to expire in August 2015, and according to the answer filed by real party in interest, he and the child have already returned to the Republic of Moldova, and petitioner did not dispute that assertion in her reply. We conclude that petitioner has not met her burden of demonstrating that our intervention by extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc:    Hon. Sandra L. Pomrenze, District Judge, Family Court Division
       McFarling Law Group
       Willick Law Group
       Eighth District Court Clerk