# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK JAMES BERWICK,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALERIE ADAIR, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 70049

FILED

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER DENYING PETITION

This is a petition for a writ of mandamus challenging the district court's order dishonorably discharging petitioner from probation. Petitioner contends that the district court violated his due process rights and abused its discretion by ordering that he be dishonorably discharged from probation without giving him notice or opportunity to be heard. He asks this court to direct the district court to enter an order of honorable discharge.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (internal citation omitted); *see also* NRS 34.160. Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851

16-18913

(1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We conclude that petitioner fails to demonstrate that extraordinary relief is warranted. First, petitioner fails to demonstrate that his due process rights were violated by the lack of notice and a hearing. Procedural due process is implicated when a governmental decision deprives an individual of a "liberty" or "property" interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Petitioner identifies no liberty or property interest of which he was deprived when he was dishonorably discharged from probation. His reliance on case law requiring due process procedures for probation revocation proceedings is misplaced, as unlike a revocation proceeding, a dishonorable discharge does not involve the possibility of incarceration. *See* NRS 176A.870. Further, to the extent that he claims that he was entitled to a hearing on his ability to pay restitution and fees, the basis for the dishonorable discharge was his violation of other conditions of probation, not his failure to pay restitution and fees, and thus no hearing on that issue was required before he could be discharged. *See* NRS 176A.850(1)(a); NRS 176A.870.

Petitioner also fails to demonstrate an abuse of discretion. The record indicates, and he does not dispute, that he violated several conditions, including house arrest and compliance with veteran's court, during his period of probation. Thus, the district court properly found that he failed to "fulfill[ ] the conditions of probation for the entire period thereof," as required for honorable discharge, NRS 176A.850(1), and did

not abuse its discretion in ordering him dishonorably discharged from probation. Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Valerie Adair, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk