# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPER J. HICKS, DISTRICT
ATTORNEY OF WASHOE COUNTY,
Petitioner,
vs.
STATE OF NEVADA, BOARD OF
PAROLE COMMISSIONERS; CONNIE
S. BISBEE, CHAIRMAN; TONY
CORDA, COMMISSIONER; ADAM
ENDEL, COMMISSIONER; ED GRAY,
COMMISSIONER; SUSAN L.
JACKSON, COMMISSIONER;
MICHAEL KEELER, COMMISSIONER;
AND LUCILLE MONTERDE,
COMMISSIONER,
Respondents,
    and
JUAN MAURICIO CASTILLO,
Real Party in Interest.

No. 70472

FILED

JUL 21 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of prohibition seeking an order prohibiting respondents from releasing Juan Castillo on parole from his 1996 conviction of murder with the use of a deadly weapon with the intent to promote gang activity.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). A writ of prohibition may issue when a board or person exercising judicial functions acts without or in excess of its jurisdiction. *See* NRS 34.320.

SUPREME COURT
OF
NEVADA

(O) 1947A

16-22662

NRS 213.12135(1)(b) provides that "a prisoner [who was a juvenile at the time the crime was committed] who is serving a period of incarceration for having been convicted of an offense or offenses that resulted in the death of only one victim" is eligible for parole "after the prisoner has served 20 calendar years of incarceration."[1] The Washoe County District Attorney argues that respondents have incorrectly read NRS 213.12135 as allowing for parole eligibility after 20 years even when the prisoner's sentence includes a consecutive sentence enhancement as is the case with the deadly weapon enhancement (NRS 193.165) or the gang enhancement (NRS 193.168). The district attorney argues that NRS 213.12135 applies only to an "offense" and does not by its terms apply to a sentence enhancement because a sentence enhancement is not a "separate offense." *See* NRS 193.165(3); NRS 193.168(3).

We deny the request for extraordinary relief. The issue of whether NRS 213.12135 applies to multiple consecutive sentences was resolved in this court's decision in *State v. Boston*, 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015). In *Boston*, in addressing a nearly identical provision in NRS 213.12135(1)(a), we concluded that the plural use of "offenses" demonstrated the Legislature's intent to allow for accelerated parole eligibility on consecutive sentences for a juvenile offender, which in Boston's case included offenses involving the deadly weapon enhancement. *Id.* at 454, 459. The offense in this case is the crime of murder with the use of a deadly weapon and with the intent to promote gang activity. The

---

[1]NRS 213.12135 was enacted in 2015 and made effective October 1, 2015. *See* 2015 Nev. Stat., ch. 152, §§ 3, 5, at 618-19. This provision was made retroactive. *See* 2015 Nev. Stat., ch. 152, § 5, at 619.

district attorney's interpretation of NRS 213.12135(1)(b) is inconsistent with the Legislature's intention to make a juvenile offender parole eligible after having served 20 calendar years for the crime of murder. The district attorney's interpretation of NRS 213.12135 would further lead to absurd results as a juvenile offender convicted of murder with the use of a deadly weapon and sentenced to two consecutive terms of life without the possibility of parole for a crime committed prior to October 1, 2015, would be eligible for parole on the murder pursuant to NRS 213.12135 but would not ever be eligible for parole on the sentence enhancement.[2] And contrary to the district attorney's assertion, NRS 213.12135 does not guarantee any juvenile offender parole to the streets but rather only provides that a juvenile offender is *eligible* for parole after serving 20 years for a single homicide offense whether or not it involved the use of a deadly weapon. Nothing in NRS 213.12135 alters the Parole Board's discretion to grant or deny parole to a juvenile offender. *See* NRS 213.1099(1). And nothing in the documents before this court suggests that

---

[2]The Legislature amended NRS 176.025 in 2015 to prohibit a sentence of life without the possibility of parole for a juvenile offender convicted of any crime, *see* 2015 Nev. Stat., ch. 152, § 2, at 618, but made this provision applicable only to crimes committed after October 1, 2015, or before October 1, 2015, if the person is convicted after October 1, 2015, *see* 2015 Nev. Stat., ch. 152, § 5, at 619.

respondents believed that they are *required* to grant Castillo parole after he serves 20 years. Accordingly, we

ORDER the petition DENIED.[3]

_____ Cherry _____, J.
Cherry

_____ Douglas _____, J.          _____ Gibbons _____, J.
Douglas                                              Gibbons


cc:     Washoe County District Attorney
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Washoe District Court Clerk

---

[3]Petitioner has also filed a motion for an injunction pending resolution of the petition, informing this court that the parole board has granted Castillo a release date of July 23, 2016. The parties also inform us that Castillo will be released directly to Immigration and Customs Enforcement for immediate removal to El Salvador. We deny the motion as moot.

SUPREME COURT
OF
NEVADA

(O) 1947A