# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE LAW OFFICE OF MARY LOU WILSON, INC.; CODIE MICHAEL SCOTT WALKER; ROBERT ADAM MCGUFFEY; MIGUEL OMAR OJEDA-ENRIQUEZ; IGNACIO VALENCIA; AURORA RODRIGUEZ-PEREZ; MOHAMED KALAM KAMALAUDEEN; D'VAUGHN KEITHAN KING; DAVID SANCHEZ-DOMINGUEZ; JOSE FRANCISCO; LUIS EDUARDO MARTINEZ; DONALD E. JACKSON; ANTHONY EUGENE THOMAS; AIRELL JOSHUA THOMAS SAWYER; AND ROBERT JOSEPH SCHNUERINGER,
Petitioners,
vs.
MODEL COURT SELECTION COMMITTEE,
Respondent.

No. 71136



FILED

OCT 17 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for a writ of mandamus, or in the alternative, a writ of prohibition. Petitioner Mary Lou Wilson challenges the Model Court Selection Committee's decision that she will no longer be appointed to cases by the Appointed Counsel Administrator and removing her as appointed counsel on pending and open cases. Wilson also seeks the removal of two of the members of the committee and an order precluding the Washoe County District Attorney's Office from interfering with the committee.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "A writ of mandamus is

available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see also* NRS 34.160. A writ of prohibition may issue when a lower tribunal acts without or in excess of its jurisdiction. *See* NRS 34.320. An arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong),* 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citation and quotation marks omitted). Neither writ will issue when there is a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330.

We decline to consider the writ filed in this case. Wilson, who asserts she has an independent contractor agreement has an adequate legal remedy by way of a civil lawsuit against the committee. Further, Wilson's petition is bereft of legal analysis and authority supporting her due process arguments. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[1]We deny the motion for reconsideration as moot.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Mary Lou Wilson
     Washoe County Alternate Public Defender