A. JAY SMITH AND ERNST AND WHINNEY, PETITION-
ERS, v. THE EIGHTH JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK, AND THE HONORABLE
JEFFREY D. SOBEL, DISTRICT JUDGE, RESPONDENTS,.
AND FIRST WESTERN SAVINGS ASSOCIATION, A
NEVADA CORPORATION; FIRST WESTERN FINANCIAL
CORPORATION, A DELAWARE CORPORATION, REAL
PARTIES IN INTEREST.

No. 21939

October 8, 1991 818 P.2d 849

*Lionel Sawyer & Collins,* Las Vegas, for Petitioners.

*Miles, Pico & Mitchell,* Las Vegas, and *Severson & Werson,*
San Francisco, California, for Real Parties in Interest.

## OPINION

*Per Curiam:*

This original petition for writ of mandamus or prohibition challenges an order of the respondent district court, Jeffrey D. Sobel, Judge, denying petitioners' motion to strike a peremptory challenge directed against the same judge as successor to litigation presided over by Judge Sobel's predecessor in office.

### Facts

This proceeding is part of a continuing conflict between petitioners and the real parties in interest. The original complaint filed in 1984 pleaded allegations of breach of contract and fraud. A ten-day trial resulted in a $4,516,565.22 judgment against petitioners and in favor of First Western Savings Association and First Western Financial Corporation (hereinafter "First Western"), plaintiffs below and the real parties in interest in these original proceedings.

The presiding judge throughout the trial was Judge John F. Mendoza. The original judgment, entered on August 24, 1990, prompted petitioners to appeal to this court. We dismissed the appeal on grounds that the amount of attorney's fees had not yet been determined, and that consequently, the judgment previously entered was not a final judgment. A final judgment was entered by Judge Mendoza on January 3, 1991, one day before he officially left the bench after waging an unsuccessful reelection campaign against his challenger, then attorney Jeffrey D. Sobel.

Judge Sobel took over Judge Mendoza's Department V of the respondent court on January 8, 1991. After Judge Mendoza entered the final judgment, petitioners filed a motion for a new trial. First Western then filed a peremptory challenge under SCR

48.1[1] to disqualify Judge Sobel. Petitioners countered with a motion to strike the peremptory challenge. Following a hearing, Judge Sobel denied the motion. The district court judge determined that the policy considerations underlying an SCR 48.1 challenge were applicable to the situation before him, thus warranting judicial accession to the peremptory challenge.

Respondents support the district court's ruling with their subjective perception that "Judge Sobel might have difficulty impartially determining whether Judge Mendoza properly conducted the trial of this action and entered an appropriate judgment" in view of a hard-fought judicial reelection campaign. On the other hand, indulging and continuing the speculation, the good judge

---

[1]Rule SCR 48.1, prior to 1991 amendment, states in pertinent part:

1. In any civil action pending in a district court, which has not been appealed from a lower court, each side is entitled, as a matter of right, to one change of judge by peremptory challenge. Each action or proceeding, whether single or consolidated, shall be treated as having only two sides. A party wishing to exercise his right to change of judge shall file a pleading entitled "Peremptory Challenge of Judge." The notice may be signed by a party or by an attorney, it shall state the name of the judge to be changed, and it shall neither specify grounds, nor be accompanied by an affidavit. If one of two or more parties on one side of an action files a peremptory challenge, no other party on that side may file a separate challenge.

2. A notice of peremptory challenge of judge shall be filed in writing with the clerk of the court in which the case is pending and a copy served on the opposing party. The filing shall be accompanied by a fee of $100, which the clerk shall transmit to the clerk of the supreme court. . . .

3. Except as provided in subsection 4, the peremptory challenge shall be filed:

(a) Within 10 days after notification to the parties of a trial or hearing date; or

(b) Not less than 3 days before the date set for the hearing of any contested pretrial matter, whichever occurs first.

4. If a case is not assigned to a judge before the time required for filing the peremptory challenge, the challenge shall be filed:

(a) Within 3 days after the party or his attorney is notified that the case has been assigned to a judge; or

(b) Before the jury is sworn, evidence taken, or any ruling made in the trial or hearing, whichever occurs first.

5. A notice of peremptory challenge may not be filed against any judge who has made any ruling on a contested matter or commenced hearing any contested matter in the action.

6. The judge against whom a peremptory challenge is filed shall transfer the case to another department of the court, if there is more than one department of the court in the district, or request the chief justice to assign the case to the judge of another district.

7. The filing of an affidavit of bias or prejudice without specifying the facts upon which the disqualification is sought, which results in a transfer of the action to another district judge is a waiver of the parties' rights under this rule. . . .

could, if this petition were granted, extend an added, perhaps subconscious effort to avoid an attitude of unfairness toward his predecessor's rulings.

## Legal Discussion

Prohibition is a proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction. *See* NRS 34.320; NRS 34.330. Mandamus is a proper remedy to compel performance of a judicial act when there is no plain, speedy, and adequate remedy at law in order to compel the performance of an act which the law requires as a duty resulting from office. *See* NRS 34.160; NRS 34.170. However, the issuance of a writ of mandamus or prohibition is purely discretionary with this court. *See* Hickey v. District Court, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989) (mandamus and prohibition); State ex rel. Dep't Transp. v. Thompson, 99 Nev. 358, 361, 662 P.2d 1338, 1339 (1983) (mandamus); Bowler v. District Court, 68 Nev. 445, 453-54, 234 P.2d 593, 598 (1951) (prohibition).

We note at the threshold that the peremptory challenge at issue does not fall within the literal language of SCR 48.1. The provisions of the rule as written do not accommodate the filing of such challenges where, as here, trial has occurred, final judgment has been entered, and a newly elected successor judge has been scheduled to hear a contested motion for a new trial. Therefore, a strict and literal application of SCR 48.1, would compel the conclusion that First Western's motion was not timely filed.

Peremptory challenges are mechanisms designed ''to insure a fair tribunal by allowing a party to disqualify a judge thought to be unfair or biased.'' Jahnke v. Moore, 737 P.2d 465, 467 (Idaho Ct.App. 1987). A movant may be said to properly take advantage of a peremptory challenge when the litigant ''is concerned that the judge may be biased or unfair for some real or imagined reason.'' *Id.*

Because of the ease with which a peremptory challenge to a judge operates, the danger exists that ''the device will be abused—with all the delay and waste of judicial resources that such abuse entails.'' Nevada Pay TV v. District Court, 102 Nev. 203, 205, 719 P.2d 797, 798 (1986). The strict time limitations contained in the rule are therefore designed to prevent its use as a device for ''judge shopping'' or the facilitation of dilatory tactics. *Id.* at 206, 719 P.2d at 798. The privilege must be exercised with dispatch or permanently forfeited. *Id.*

A corollary policy behind the requirement is "that such challenges be presented *before* contested proceedings have commenced." Jeaness v. District Court, 97 Nev. 218, 219, 626 P.2d 272, 274 (1981) (emphasis in original text). Failure to file within the time strictures of the rule results in waiver of the right to make a peremptory challenge. *Id.* at 220, 626 P.2d at 274. In other words, a party should not be permitted to disqualify a judge through a peremptory challenge "simply because he has made previous unfavorable rulings." Carr-Bricken v. First Interstate Bank, 105 Nev. 570, 573, 779 P.2d 967, 969 (1989) (ruling that a counterclaim does not revive the opportunity for a peremptory challenge under SCR 48.1).

After weighing the policy considerations underlying SCR 48.1, we have concluded that application of the rule to the peculiar facts and circumstances of the instant matter was proper. *See Jeaness,* 97 Nev. at 219, 626 P.2d at 274. This court has applied a standard of review based upon reasonableness in resolving challenges to judges, focusing that standard on the perspective afforded by the limitations and policies of the statute or rule of court invoked to accomplish disqualification. For example, in a case involving timeliness of affidavits filed to demonstrate actual bias or prejudice, this court upheld a challenge to a district court judge to whom the matter had been reassigned and who had yet to hear a contested matter in the case. *See* Tarsey v. Dunes Hotel, 75 Nev. 364, 366-67, 343 P.2d 910, 911 (1959); NRS 1.230. In *Tarsey,* this court held that pretrial rulings by one judge would not prevent a party from asserting the right to disqualify another judge to whom the matter is thereafter assigned for trial. The *Tarsey* court noted that "it would be immaterial whether or not prior to such assignment a contested matter had been heard in the action before a different judge." *Tarsey,* 75 Nev. at 367, 343 P.2d at 911. We see no basis for distinguishing the situation in *Tarsey* from that presented here.[2] SCR 48.1 provides an accommodation between litigants and the court for preventing the abuse of judicial resources and promoting the concept of fairness. In order to prevent abuse, the rule's limitations are strict. Moreover, litigants benefit from only a brief period in which they may legitimately file a peremptory challenge to a judge.

Under the case law of this court, litigants may not file such a challenge once a district court judge has heard a contested matter.

---

[2]*See also* Moore v. District Court, 77 Nev. 357, 364 P.2d 1073 (1961), where this court recognized that an intervening party is essentially an original party to a cause of action who has the same right to file affidavits of prejudice against a district court judge as other original parties. *Id.* at 363, 364 P.2d at 1077.

*See Carr-Bricken,* 105 Nev. at 573, 779 P.2d at 969. One opportunity to accomplish a change of judges is permitted by the rule.[3] Here, an exercise of the privilege of peremptory challenge is not proscribed by the policy behind the rule as Judge Sobel has not yet heard a contested matter in the underlying action.[4] Moreover, First Western's motion was filed within two days of petitioners' motion for a new trial. Respondents' motion was therefore timely filed and not foreclosed as a matter of law.[5]

For the reasons specified above, we conclude that petitioners' position lacks merit. Under the circumstances of this case, the ends of justice do not warrant issuance of the extraordinary writ petitioners seek from this court. *See* Hickey v. District Court, 105 Nev. 729, 734, 782 P.2d 1336, 1339 (1989); Bowler v. District Court, 68 Nev. 445, 454, 234 P.2d 593, 599 (1951).

ROSE, STEFFEN, YOUNG, JJ., McGEE, D. J.[6], and BREEN, D. J.[7], concur.

---

[3]Petitioners argue that a successful peremptory challenge would establish an unfortunate precedent for relieving newly elected district court judges of much of their inherited caseload. Petitioners also contend that a peremptory challenge of an inheriting judge would interfere with the newly-elected judge's statutory duties to complete certain matters not completed by the predecessor judge. We tend to view the magnitude of petitioners' concerns more as molehills than mountains. The instant type of challenge is unlikely to present a significantly greater administrative burden than the more routine disqualifications resulting from the invocation of SCR 48.1.

[4]For the reasons stated in this opinion, there is no significance in the fact that a different judge heard a contested pretrial motion on September 4, 1985.

[5]Petitioners argue that Judge Sobel's assumption of his duties constituted constructive notice of assignment of a new judge. According to the argument, Judge Sobel's first official day on the bench, January 8, 1991, would then trigger the rule's time constraints and respondents' motion would therefore be untimely. Petitioners strain the language of SCR 48.1. Respondents had no reason or responsibility to assume that petitioners would demand a new trial rather than proceed by way of an appeal, and the occasion for an SCR 48.1 challenge was therefore not yet ripe in the context of the circumstances present here.

[6]The Honorable Charles M. McGee, Judge of the Second Judicial District, was designated by the Governor to sit in the place of THE HONORABLE JOHN C. MOWBRAY, Chief Justice. Nev. Const., art. 6, § 4.

[7]The Honorable Peter I. Breen, Judge of the Second Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CHARLES E. SPRINGER, Justice. Nev. Const., art. 6, § 4.