An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ZHI YUAN GONG; AND QIN YING BAO,
Appellants,
vs.
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
Respondent.

No. 63857

FILED

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for a writ of mandamus and prohibition. First Judicial District Court, Storey County; James Todd Russell, Judge.

Having considered the parties' arguments and the record on appeal,[1] we conclude that the district court did not abuse its discretion in denying appellants' requested writ relief. *See Reno Newspapers, Inc. v. Haley*, 126 Nev. 211, 214, 234 P.3d 922, 924 (2010) (recognizing that the district court's denial of a writ petition is reviewed for an abuse of discretion). Specifically, in light of appellants' retention of counsel, their decision to permit counsel to appear on their behalf at the July 19, 2012, hearing, and counsel's multiple statements at the hearing that he would accept service of process on appellants' behalf, the district court was within its discretion in concluding that appellants had been served with

_____

[1]Respondent's March 31, 2015, motion to file a surreply is granted. The clerk of this court shall detach and file the surreply that was attached to respondent's motion.

15-11608

process.[2] *Cf. Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. Adv. Op. No. 23, 322 P.3d 429, 434 (2014) (recognizing that, under "general agency principles," "an attorney's act is considered to be that of the client").

Additionally, because appellants' remaining arguments in support of writ relief had not been made in justice court, the district court was within its discretion to determine that those arguments did not warrant the district court's extraordinary intervention.[3] *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and is discretionary with the presiding court). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

---

[2]Based on counsel's same statements, the district court was also within its discretion in concluding that (1) the agreement to accept service of process was conditioned only on the temporary writ of restitution being vacated and (2) appellants had waived the right to seek dismissal for failure to timely serve process. Similarly, because the record contains conflicting evidence as to what documents were served on appellants' counsel, the district court was within its discretion to conclude that service on counsel had been properly made.

[3]Although the district court did not explicitly address appellants' argument regarding the justice court's lack of jurisdiction, that argument lacked merit. *See* NRS 4.370(1)(h); NRS 40.255(1).

cc: Hon. James Todd Russell, District Judge
David Wasick, Settlement Judge
T M Pankopf PLLC
Pite Duncan, LLP
Storey County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A