An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY MORRIS BRANDON,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
MINERAL; THE HONORABLE
KIMBERLY A. WANKER, DISTRICT
JUDGE; THE HONORABLE ROBERT
W. LANE, DISTRICT JUDGE;
HAWTHORNE TOWNSHIP JUSTICE
COURT; AND THE HONORABLE JAY
T. GUNTER, JUSTICE OF THE PEACE,
Respondents.

No. 67695

FILED

APR 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or, in the alternative, prohibition seeking an order that: (1) prohibits Hawthorne Township Justice Court from including police reports in the file transmitted to the district court when a felony case is bound over unless the police reports were admitted into evidence in the justice court; (2) prohibits the Fifth Judicial District Court from receiving police reports which have not been properly admitted into evidence and from making said reports part of the district court's file; and (3) recuses Judge Wanker from presiding over the remainder of petitioner's criminal matter based on Judge Wanker's assertedly wrongful review of the police reports.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179

15-13004

P.3d 556, 558 (2008) (footnote omitted); *see also* NRS 34.160. A writ of prohibition is the "proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see also* NRS 34.320. Either writ will issue only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330.

Petitioner Tony Morris Brandon fails to demonstrate that a duty was required by law or that the district court acted without or in excess of its jurisdiction. Furthermore, Brandon has a plain, speedy, and adequate remedy at law to address any alleged bias on the part of Judge Wanker in the form of a motion to disqualify. *See* NRS 1.230. Although Brandon argues for review because the situation is capable of repetition yet evading review, we decline to exercise our discretion to review Brandon's petition. *See Smith*, 107 Nev. at 677, 818 P.2d at 851 (holding that "the issuance of a writ of mandamus or prohibition is purely discretionary with this court"). Accordingly, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Kimberly A. Wanker, District Judge
Hon. Robert W. Lane, District Judge
Hon. Jay T. Gunter, Justice of the Peace
Wayne A. Pederson, P.C.
Attorney General/Carson City
Mineral County Clerk