An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FAT HAT, LLC, A/K/A 1923 BOURBON
& BURLESQUE BY HOLLY MADISON;
ROBERT W. SABES; AVI KOPELMAN;
NOEL BOWMAN; ROBERT FREY; AND
JARED KAHN,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
SUSAN SCANN, DISTRICT JUDGE,
Respondents,
and
HOLLY MADISON; AND
AWESOMETOWN, INC.,
Real Parties in Interest.

No. 68386

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges a district court order denying petitioners' motion to dismiss real parties in interest's defamation cause of action.

Having considered the petition and supporting documents, we are not persuaded that petitioners have met their burden of demonstrating that writ relief is warranted at this time. NRS 34.160; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004); *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court*, 120 Nev. 575, 578-79, 97 P.3d 1132, 1134 (2004) (recognizing that this court generally declines to entertain writ petitions challenging district court orders denying motions to dismiss). The district court correctly applied the law in determining that absolute privilege does not apply under the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27652

circumstances, *see Jacobs v. Adelson*, 130 Nev., Adv. Op. 44, 325 P.3d 1282, 1286-87 (2014) (adopting majority view in holding that defamatory statements made to the media during the course of judicial proceedings are not absolutely privileged when the media is not a party to the lawsuit or intertwined in it), and with regard to petitioners' argument that dismissal was mandated under the conditional reply privilege or because the statements made to media were non-actionable opinions, petitioners failed to demonstrate that the district court's decision to permit the defamation cause of action to continue beyond the pleading stage was contrary to the law or an arbitrary or capricious exercise of discretion such that writ relief is warranted. *See id.* at 1288 & n.4; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Accordingly, we deny the petition. NRAP 21(b); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Accordingly, we

ORDER the petition DENIED.

_____, J.
Douglas

PARRAGUIRRE, J., concurring:

For the reasons stated in the *Jacobs* dissent, I disagree that absolute privilege does not apply to statements made to the media. *See* 130 Nev., Adv. Op. 44, 325 P.3d 1282, 1288-89 (2014). I recognize, however, that *Jacobs* is now the controlling law and I agree that petitioners failed to meet their burden of demonstrating that the district court was otherwise mandated to dismiss the defamation cause of action

at this stage of the litigation. I therefore concur in the disposition of this writ petition.

_____, J.
Parraguirre

CHERRY, J., dissenting:

As recognized in the *Jacobs* dissent, the scope of privilege that applies to statements made to the media is an important issue regarding First Amendment protections. Although the *Jacobs* majority opinion determined that absolute privilege does not apply to statements made to the media, I would direct an answer and entertain this petition as petitioners presented issues of arguable merit regarding whether the statements made here are otherwise protected or non-actionable.

_____, J.
Cherry

cc:     Hon. Susan Scann, District Judge
        JK Legal & Consulting, LLC
        Lipson Neilson Cole Seltzer & Garin, P.C.
        Garcia-Mendoza & Snavely, Chtd.
        Eighth District Court Clerk