An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM O. FOX,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; THE HONORABLE RENA G.
HUGHES, DISTRICT JUDGE; AND
JUDICIAL OFFICER JAMES DAVIS,
Respondents,
and
THE STATE OF NEVADA, DIVISION
OF WELFARE AND SUPPORTIVE
SERVICES OF THE DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
AND JULIANN FOX,
Real Parties in Interest.

No. 68847

FILED

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ____S. Young____
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*

This is an emergency original petition for a writ of habeas corpus challenging a district court order holding petitioner in contempt for nonpayment of child support and imposing a 25-day term of confinement in the Clark County Detention Center with release conditioned upon payment.

Having considered the petition and the appendix, we conclude that petitioner has not demonstrated that our intervention by extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). First, the appendix is deficient and does not contain all orders or parts of the record essential to understand the matters set forth in the petition as required by NRAP 21(a)(4). For instance, the appendix does not contain the pleadings related to the July 20, 2015, order of contempt, pursuant to which petitioner is currently confined, nor any documentation concerning the related child

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29241

custody and support case out of which the underlying child support enforcement action arises and in which the district court has apparently determined that petitioner is willfully underemployed.

Second, to the extent petitioner challenges his current confinement in the Clark County Detention Center, his petition indicates that he is set to be released on September 26, 2015. The warrant was served on August 27, 2015, but petitioner did not file this petition until September 22. The delay in challenging that confinement leaves this court with insufficient time to order an answer and deliberate on and resolve the petition before his release.

Third, to the extent petitioner challenges the most recent contempt finding and imposition of another 25-day term of conditional confinement from the hearing before the master on September 1, 2015, this writ petition appears premature. According to the appendix, petitioner has filed an objection in the lower court to the master's recommendation in which he raises issues about his inability to pay the arrears, and a hearing on that matter before the district court is set for October 13, 2015. *See* NRS 425.3844. Under these circumstances, we decline to intervene at this time and we deny the petition. *See* NRAP 21(b)(1); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that a petition for extraordinary writ relief is purely discretionary with this court).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Rena G. Hughes, District Judge, Family Court Division
Jimmerson Hansen
Attorney General/Carson City
Juliann Fox
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A