An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE Q.,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; MARIVIE Q.;
JY.Q.; JU.Q.; JO.Q.; JA.Q.; AND JE.Q.,
Real Parties in Interest.

No. 68751

**FILED**

OCT 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging the district court clerk's rejection of petitioner's peremptory challenge as untimely because it was submitted less than 3 days before the adjudicatory hearing in the underlying NRS Chapter 432B proceeding. Having considered the arguments set forth by the parties and the record before this court, we conclude that petitioner has not demonstrated that our intervention through extraordinary writ relief is warranted.

The doctrine of laches bars our consideration of this petition. Laches may preclude review of a writ petition when there is an inexcusable delay in seeking relief, a waiver can be implied from the petitioner's knowing acquiescence in existing conditions, and the real party in interest is prejudiced. *Bldg. & Constr. Trades Council of N. Nev. v. State ex rel. Pub. Works Bd.*, 108 Nev. 605, 611, 836 P.2d 633, 637 (1992). The documentation before this court indicates that petitioner had

SUPREME COURT
OF
NEVAOA

(0) 1947A

15-33052

notice that his peremptory challenge had been rejected by the clerk as untimely on August 12, 2015, yet petitioner did not appear at the August 21 status check on the peremptory challenge or otherwise promptly bring the issue before the district court. Although petitioner now argues that he was not properly notified of the August 21 hearing, the record further indicates that petitioner was served with a summons notifying him of the September 2, 2015, adjudicatory plea hearing, and again petitioner did not promptly bring this issue before the court. Rather, petitioner failed to appear at the hearing of September 2, and the district court proceeded to adjudicate the abuse and neglect petition as to petitioner. Once a judge has made a ruling on a contested matter, a peremptory challenge may not be filed. SCR 48.1(5). Under these circumstances, we decline to intervene in this matter and we deny this petition. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (stating that a petition for extraordinary writ relief is purely discretionary with this court).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Robert Teuton, District Judge, Family Court Division
Aaron Grigsby
Lewis Roca Rothgerber LLP/Las Vegas
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Brown Law Office
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A