# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TULELAKE HORSERADISH, INC.,<br>Petitioner,<br>vs.<br>THE THIRD JUDICIAL DISTRICT COURT<br>OF THE STATE OF NEVADA, IN AND FOR<br>THE COUNTY OF LYON; AND THE<br>HONORABLE LEON ABERASTURI,<br>DISTRICT JUDGE,<br>Respondents,<br>and<br>SANTA MARGARITA RANCH, LLC, A<br>NEVADA LIMITED LIABILITY COMPANY;<br>KEN MAHAN; AND MARK S. MAHAN,<br>Real Parties in Interest. | No. 71805<br><br>**FILED**<br><br>APR 03 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## *ORDER GRANTING PETITION FOR WRIT OF PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order setting a hearing on a request to adjudicate attorney fees.

Having considered the petition and the answer thereto, we conclude that writ relief is warranted. This court's June 20, 2016, disposition in Docket No. 69305 expressly determined that "the district court erred in failing to award [petitioner] the full amounts requested for [time frames 2 and 4]" and expressly instructed the district court "to enter a judgment in favor of [petitioner] consistent with this order." *Tulelake Horseradish, Inc. v. Santa Margarita Ranch, LLC*, Docket No. 69305 (Order Affirming in Part, Reversing in Part and Remanding, at 3-4, June 20, 2016). Thus, under the mandate rule, the district court was obligated to enter a judgment for petitioner that included the full amounts of fees requested for time frames 2 and 4, and the district court lacked the

authority to entertain arguments regarding whether those amounts were reasonable. *Estate of Adams v. Fallini*, 132 Nev., Adv. Op. 81, 386 P.3d 621, 624 (2016) ("The mandate rule generally requires lower courts to effectuate a higher court's ruling on remand."); *see United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) ("The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution."). We therefore conclude that a writ of prohibition is warranted so as to prevent the district court from conducting any further proceedings relating to the propriety of the amounts requested for time frames 2 and 4. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) ("Prohibition is a proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction."); *cf. United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (observing that the mandate rule implicates the lower court's jurisdiction, but recognizing a split of authority).[1]

We disagree with the argument by real parties in interest (collectively, Santa Margarita) regarding a due process violation. Due process requires notice and an opportunity to be heard. *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007). Here, Santa Margarita had notice of the specific amounts of fees that petitioner was seeking for time frames 2 and 4 because petitioner's July 2, 2015, motion expressly requested those amounts and included documentation supporting that

---

[1]Because the parties have not briefed the issue, we assume for purposes of this disposition that a writ of prohibition is the appropriate remedy. We therefore deny petitioner's alternative request for a writ of mandamus.

request. Santa Margarita had an opportunity to be heard on the reasonableness of those amounts when it filed its July 14, 2015, opposition. Santa Margarita's decision to not take advantage of that opportunity does not constitute a due process violation.[2] *Id.* In light of the foregoing, we

ORDER the petition GRANTED and direct the clerk of this court to issue a writ of prohibition instructing the district court to vacate its scheduled hearing and to enter a judgment in favor of petitioner consistent with this court's June 20, 2016, disposition, which includes the full amounts of fees requested for time frames 2 and 4.[3]

_____ , C.J.
Cherry

_____ , J.          _____ , J.
Douglas                                Gibbons

cc:    Hon. Leon Aberasturi, District Judge
       Law Office of James Shields Beasley
       Law Offices of Roderic A. Carucci
       Third District Court Clerk

---

[2]This court's June 20, 2016, disposition in Docket No. 69305 expressly identified Santa Margarita's decision as this court's justification for determining that petitioner is entitled to the full amounts requested. *See Tulelake Horseradish, Inc. v. Santa Margarita Ranch, LLC*, Docket No. 69305 (Order Affirming in Part, Reversing in Part and Remanding, at 3-4, June 20, 2016). If Santa Margarita believed this court's disposition was in error, it could have filed a petition for rehearing under NRAP 40, which provided Santa Margarita an additional means by which to be heard on the now-contested issue.

[3]We vacate the stay imposed by this court's December 7, 2016, order.