# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAZUO OKADA; UNIVERSAL
ENTERTAINMENT CORPORATION;
AND ARUZE USA, INC.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
Respondents,
 and
WYNN RESORTS, LIMITED,
Real Party in Interest.

No. 74582

**FILED**

JAN 04 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges a November 12, 2017, district court order compelling disclosure of documents provided to the United States government and governmental agencies. In particular, petitioners Kazuo Okada, Universal Entertainment Corporation, and Aruze USA, Inc., assert that the district court improperly required them to disclose one document that they claim is entitled to protection from disclosure under the work-product doctrine.

Having reviewed the petition and appendices, we decline to exercise our discretion to consider this matter at this time. NRS 34.160;

18-00520

NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). After real party in interest Wynn Resorts, Limited, moved to compel production of communications that the Okada parties had had with certain governmental agencies, the Okada parties opposed the motion on several grounds, including that the requested documents were protected by the work-product doctrine. After a hearing, the district court summarily rejected that ground, stating in the minutes that "[t]he exhibits to the opposition and the supplemental declaration do not establish the approximately 10,000 pages produced to the DOJ are otherwise privileged," and ultimately directed that the documents be produced. The Okada parties now seek relief in this court with regard to one document they claim is privileged work-product, arguing that disclosure to the DOJ did not waive work-product protection of that document and that Wynn Resorts should not be allowed to benefit from the DOJ investigation that it instigated.

A review of the documents before this court, however, indicates that the district court, in determining whether disclosure of thousands of pages of documents should be compelled, did not have an adequate opportunity to fully consider the narrow issue raised in this writ petition concerning the one document in particular. Indeed, the court did not rule that the privilege was waived, but rather, that the Okada parties did not establish that the pages as a whole were privileged. Accordingly, we are not persuaded that our extraordinary and discretionary intervention is warranted at this time. *See Plata v. Schwarzenegger*, 560 F.3d 976, 984 (9th Cir. 2009) (recognizing that an appellate court's writ review is not

appropriate to address issues not fully considered by the district court). The petition is thus denied without prejudice.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.        _____, J.
Cherry                                    Gibbons

_____, J.        _____, J.
Hardesty                                  Stiglich

cc:    Hon. Elizabeth Goff Gonzalez, Chief Judge
       BuckleySandler LLP
       Holland & Hart LLP/Las Vegas
       Kemp, Jones & Coulthard, LLP
       Morris Law Group
       Wachtell, Lipton, Rosen & Katz
       Pisanelli Bice, PLLC
       Gibson, Dunn & Crutcher LLP/Irvine
       Glaser Weil Fink Jacobs Howard Avchen & Shapiro, LLC/Los Angeles
       Eighth District Court Clerk