# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES J. COTTER, JR.,
DERIVATIVELY ON BEHALF OF
READING INTERNATIONAL, INC.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
Respondents,
  and
DOUGLAS MCEACHERN; EDWARD
KANE; JUDY CODDING; WILLIAM
GOULD; MICHAEL WROTNIAK; AND
READING INTERNATIONAL, INC.,
Real Parties in Interest.

No. 74759

FILED

JAN 0 4 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
    DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order, in a derivative action, concluding that no genuine issues of material fact exist with regard to the disinterestedness and independence of real parties in interest and granting summary judgment in their favor.[1]

Mandamus is an extraordinary remedy, available only when the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *see also D.R. Horton, Inc. v. Eighth Judicial*

---

[1]Reading International, Inc.'s January 4, 2018, motion for leave to be added as a real party in interest is granted: the clerk of this court shall modify the caption of this proceeding to conform to the caption on this order and shall detach from the motion and file Reading International's response to emergency motion.

18-00502

*Dist. Court*, 123 Nev. 468, 474, 168 P.3d 731, 736 (2007). The right to appeal in the future, after a final judgment is ultimately entered, generally constitutes an adequate and speedy legal remedy precluding writ relief. *Id.* "Whether a future appeal is sufficiently adequate and speedy necessarily turns on the underlying proceedings' status, the types of issues raised in the writ petition, and whether a future appeal will permit this court to meaningfully review the issues presented." *Id.* at 474-75, 168 P.3d at 736.

Having considered the petition and supporting documents, we are not satisfied that our extraordinary intervention is warranted, particularly in light of the upcoming trial scheduled to begin next week on the remaining claims. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

---

[2]Given this disposition, petitioner's January 2, 2018, motions for a stay and to file portions of the appendix under seal are denied as moot.

cc:   Hon. Elizabeth Goff Gonzalez, Chief Judge
Morris Law Group
Yurko, Salvesen & Remz, P.C.
Maupin, Cox & LeGoy
Quinn Emanuel Urquhart & Sullivan, LLP
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.
Cohen Johnson Parker Edwards
Greenberg Traurig, LLP
Eighth District Court Clerk