# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAYCO FUNDING CORPORATION, A CALIFORNIA CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
MICHAEL J. MONA, JR. AND RHONDA H. MONA, AS TRUSTEES OF THE MONA FAMILY TRUST; NORMAN FAMILY LIMITED PARTNERSHIP, A CALIFORNIA LIMITED PARTNERSHIP; A.O.E., LLC, A NEVADA LIMITED LIABILITY COMPANY; HAMID M. MAHBAN, AN INDIVIDUAL; MICHAEL J. MONA, JR., AN INDIVIDUAL; ISAAC NORMAN, AN INDIVIDUAL; AND ISAAC NORMAN AND HOMA NORMAN AS TRUSTEES OF THE NORMAN FAMILY TRUST, DATED FEBRUARY 16, 1989, INDIVIDUALLY AND IN ITS CAPACITY AS GENERAL PARTNER OF THE NORMAN FAMILY LIMITED PARTNERSHIP,
Real Parties in Interest.

No. 78785

FILED

JUL 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus or prohibition challenges a district court order in a real property action. Having considered the petition and supporting documentation, we conclude that our extraordinary and discretionary intervention is not warranted. *Int'l Game*

*Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion."); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). In particular, we note that petitioner has filed a cross-appeal from the district court's order, and, to the extent the order is not a final judgment, petitioner may appeal after a final judgment is entered. *See Pan*, 120 Nev. at 224, 88 P.3d at 841 (recognizing that the right to appeal a final judgment generally precludes writ relief). Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Kolesar & Leatham, Chtd.
Marquis Aurbach Coffing
Eighth District Court Clerk