# IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLE ROBERSON,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
FRANK P. SULLIVAN, DISTRICT
JUDGE,
Respondents,
and
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES,
Real Party in Interest.

No. 79862

**FILED**

OCT 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF PROHIBITION*

This original petition for a writ of prohibition challenges a district court order granting a motion to obtain emergency medical treatment for petitioner's son.

A writ of prohibition is available to prevent the district court from acting outside of or in excess of its jurisdiction. NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner argues that the district court violated her fundamental rights as a parent in granting real party in interest Clark County Department of Family Services custody over her young son for the limited purpose of obtaining medical treatment for him even though recent tests revealed no signs of leukemia and without considering the effects of treatment, parental prerogative, and her son's right not to undergo treatment.

19-44509

NRS 432B.560 authorizes the district court to order a child to undergo medical treatment when it is in the child's best interest to do so. *Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 450, 92 P.3d 1239, 1242-43 (2004) (noting that the district court has power to determine a minor's proper health-related treatment); *see also Newmark v. Williams*, 588 A.2d 1108, 1116 (Del. 1991) ("Clearly, the State can intervene in the parent-child relationship where the health and safety of the child and the public at large are in jeopardy." (citing *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944) (recognizing that the rights of parents are not absolute))).

Here, the district court considered the child's best interests in making its determination. *See Newmark*, 588 A.2d at 1117 (explaining that, in determining the child's best interest when considering ordering medical treatment over a parent's objections, courts must balance the potential effectiveness of treatment, the chances of survival without treatment, the nature of the treatment, and the treatment's effects on the child). While acknowledging that the recommended treatment could have negative side effects and that petitioner generally has the right to make decisions concerning her child's care, the district court also recognized that all of the medical evidence before it—including the opinions from each of the several doctors who had been asked to evaluate the child and his tests—demonstrated that the child had leukemia and is in urgent need of continued treatment even though in remission. The district court considered the stated national standard of care, the recommended treatment's high rate of effectiveness when completed, and testimony that, without continued chemotherapy, the child's chances of effectively treating his potentially fatal disease dropped significantly. Although we sympathize

with the difficult circumstances the parties are facing, the district court acted within its jurisdiction and did not manifestly abuse its discretion in determining that the child's best interest required continued treatment. This record, which supports the district court's findings and ultimate judgment, does not afford a basis for extraordinary writ relief. *Smith*, 107 Nev. at 677, 818 P.2d at 851 (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Thus, we

ORDER the petition DENIED.[1]

_Pickering_ , J.
Pickering

_Parraguirre_ , J.
Parraguirre

_Cadish_ , J.
Cadish

cc:   Hon. Frank P. Sullivan, District Judge
      Mills & Anderson Law Group
      Clark County District Attorney/Juvenile Division
      Eighth District Court Clerk

---

[1]In light of this order, petitioner's emergency motion for stay is denied as moot.