# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALI SHAHROKHI,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VINCENT OCHOA, DISTRICT JUDGE,
Respondents,

and

KIZZY BURROW,
Real Party in Interest.

No. 82803

FILED

JUN 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This original, pro se petition for a writ of mandamus or prohibition seeks an order directing the district court to vacate its decision to return the underlying case to Judge Stacy Rocheleau, against whom petitioner had filed a peremptory challenge that the district court rejected as untimely. Petitioner also filed an emergency motion seeking to stay the proceedings before Judge Rocheleau, which we temporarily granted on May 3, 2021, pending our receipt and consideration of any opposition to the motion. Real party in interest has now filed a response to the motion, and the parties have timely completed briefing on the writ petition, as directed.[1]

Having considered the parties' arguments, we grant the petition. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d

---

[1]Petitioner's motions to disqualify real party in interest's counsel and to strike her second answer are denied.

21-16532

849, 851 (1991) (noting that mandamus, the issuance of which is purely discretionary with this court, may be used to compel performance of a legally required judicial act when there is no plain, speedy, and adequate legal remedy). The underlying matter was reassigned to Judge Rocheleau on January 4, 2021, after the final custody and post-judgment attorney fees orders had been entered and appealed. Petitioner filed his peremptory challenge on January 11, and the matter was reassigned to Judge Vincent Ochoa on January 14, at a time when no motions or other post-judgment matters were pending. Later, after post-judgment motions had been filed, Judge Ochoa denied the challenge as untimely under SCR 48.1(4). Petitioner argues that SCR 48.1(4) does not apply, because a judge was assigned and his challenge was timely under SCR 48.1(3). Real party in interest disagrees, asserting that SCR 48.1(3) applies only to pre-trial stages of a case, not to the post-judgment stage that this matter is in; notwithstanding her interpretation of SCR 48.1, however, she expressly does not oppose reassignment to a new district judge.

In *Smith v. Eighth Judicial District Court*, we recognized that "[t]he provisions of [SCR 48.1] as written do not accommodate the filing of such challenges where, as here, trial has occurred, final judgment has been entered, and a newly elected successor judge has been scheduled to hear a contested [post-judgment] motion." 107 Nev. at 677, 818 P.2d at 852. Nevertheless, after reviewing the policies behind the rule in light of the reasonableness required in resolving challenges to judges, this court concluded that the rule is properly applied in such cases when the challenged judge has not yet heard a contested matter and the challenge is made within days of a post-judgment motion being filed, even if the challenge is not filed within three days of notice of the reassignment. *Id.* at

678-79 & n.5, 818 P.2d at 853 & n.5. Similar circumstances occurred here, and we therefore conclude that, under these particular circumstances, petitioner's challenge was proper and timely under *Smith*. Therefore, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its decision that concluded that the peremptory challenge was untimely and returned the case to Judge Rocheleau.[2]

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Vincent Ochoa, District Judge
Hon. Stacy Rocheleau, District Judge
Ali Shahrokhi
Marzola & Ruiz Law Group PLLC
Eighth District Court Clerk

---

[2]In light of this order, the alternative request for a writ of prohibition is denied, petitioner's emergency stay motion is denied as moot, and we vacate our May 3 temporary stay.