IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CLARK CHOI, M.D., AN INDIVIDUAL, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE GLORIA STURMAN, DISTRICT JUDGE, Respondents, and CASEY LUNDRIGAN, AS CO-SPECIAL ADMINISTRATOR OF THE ESTATE OF ELIZABETH ANNE PIATT, DECEASED; CASEY LUNDRIGAN, AS PARENT AND/OR GUARDIAN AND/OR CUSTODIAN OF BENTLEY ANDREW LUNDRIGAN-PIATT AND ZAYNE MICHAEL LUNDRIGAN, MINORS AND HEIRS OF ELIZABETH PIATT; NORTH VISTA HOSPITAL, LLC, A FOREIGN LIMITED LIABILITY COMPANY, D/B/A NORTH VISTA HOSPITAL; FRANK J. DELEE, M.D., AN INDIVIDUAL; SUNRISE HOSPITAL AND MEDICAL CENTER, LLC, A FOREIGN LIMITED-LIABILITY COMPANY; AND JYOTI DESAI, M.D., AN INDIVIDUAL, Real Parties in Interest. | No. 83124 <br><br> **FILED** <br><br> JAN 1 8 2022 <br><br> ELIZABETH A. BROWN CLERK OF SUPREME COURT BY S.Young DEPUTY CLERK |

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss that asserted the medical affidavit submitted with the complaint failed to satisfy NRS 41A.071. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Petitioner Dr. Clark Choi seeks a writ of mandamus requiring the district court to vacate the portion of its order denying his motion to dismiss the complaint for failure to comply with NRS 41A.071. The decision to entertain a petition for a writ of mandamus is within our sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160.

Having carefully reviewed the record, we conclude our intervention is not warranted here. *See Borger v. Eighth Judicial Dist. Ct.*, 120 Nev. 1021, 1028, 102 P.3d 600, 605 (2004) (explaining that under NRS 41A.071 a medical expert may opine so long as "their present or former practice reasonably relates to that engaged in by the defendant at the time of the alleged professional negligence."); *see also Staccato v. Valley Hosp.*, 123 Nev. 526, 531-32, 170 P.3d 503, 506-07 (2007) (explaining, in the context of expert witnesses, that the expert's ability to opine to the standard of care depends upon the procedure or treatment at issue rather than the defendant's area of practice or specific license). Accordingly, we

ORDER the petition DENIED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc: Hon. Gloria Sturman, District Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Messner Reeves LLP
Drummond Law Firm
McBride Hall
Christiansen Trial Lawyers
Hall Prangle & Schoonveld, LLC/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A