# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER M. NEVAREZ, M.D.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARY KAY HOLTHUS, DISTRICT
JUDGE,
Respondents,
and
HYE CHONG DOSS, INDIVIDUALLY
AND AS THE REPRESENTATIVE OF
THE ESTATE OF WES DOSS;
VICTORIA SUZANNE DOSS; AND
ANGELA ELIZABETH JONES,
Real Parties in Interest.

No. 84061

FILED

APR 21 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging a district court order denying a motion to dismiss a complaint in a medical malpractice action. Petitioner argues that writ relief is warranted because the NRS 41A.071 medical expert affidavit provided by real parties in interest was not submitted by a professional who practices or has practiced in an area that is substantially similar to petitioner's practice area. *See* NRS 41A.071(2).

SUPREME COURT
OF
NEVADA

(O) 1947A

22-12625

"A writ of mandamus is available to compel the performance of an act that the law requires ... or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NRS 34.160. Writ relief is generally not available, however, when an adequate and speedy legal remedy exists. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. A writ of mandamus is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991).

An appeal from final judgment usually constitutes an adequate remedy at law. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558 ("[B]ecause an appeal from the final judgment typically constitutes an adequate and speedy legal remedy, we generally decline to consider writ petitions that challenge interlocutory district court orders denying motions to dismiss."). Here, petitioner has an adequate remedy at law by way of appeal from final judgment.

Additionally, we have reviewed the record and decline to exercise our discretion to grant extraordinary relief here. *See Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1028, 102 P.3d 600, 605 (2004) (explaining that under NRS 41A.071 a medical expert may opine so long as "their present or former practice reasonably relates to that engaged in by the defendant at the time of the alleged professional negligence"); *see generally Staccato v. Valley Hosp.*, 123 Nev. 526, 531-32, 170 P.3d 503, 506-07 (2007) (explaining, in the context of expert witnesses, that the expert's ability to opine to the standard of care depends upon the procedure or

treatment at issue rather than the defendant's area of practice or specific license).  Accordingly, we

ORDER the petition DENIED.

_____ , C.J.
Parraguirre

_____ , J.
Hardesty

_____ , J.
Stiglich

cc:    Hon. Mary Kay Holthus, District Judge
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Jamison & Associates, PLLC
       McCullough & Associates, Ltd.
       Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A