# IN THE SUPREME COURT OF THE STATE OF NEVADA

AEROGROW INTERNATIONAL, INC.;
CHRIS HAGEDORN; CORY MILLER;
PATRICIA M. ZIEGLER; H.
MACGREGOR CLARKE; DAVID B.
KENT; SMG GROWING MEDIA, INC.;
AGI ACQUISITION SUB, INC.; THE
SCOTTS MIRACLE-GRO COMPANY;
JAMES HAGEDORN; AND PETER
SUPRON,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
MARK R. DENTON, DISTRICT JUDGE,
Respondents,
  and
OVERBROOK CAPITAL LLC; NICOYA
CAPITAL, LLC; BRADLEY LOUIS
RADOFF; FRED M. ADAMCYZK;
THOMAS C. ALBANESE; WILLIAM A.
ALMOND, III; MICHAEL S. BARISH;
GEORGE C. BETKE, JR. 2019 TRUST;
DIANA BOYD; ANNE CAROL DECKER;
THOMAS H. DECKER; THE DEUTSCH
FAMILY TRUST; JOHN C. FISCHER;
ALFREDO GOMEZ; ALFREDO GOMEZ
FMT CO CUST IRA ROLLOVER;
LAWRENCE GREENBERG; PATRICIA
GREENBERG; KAREN HARDING; H.L.
SEVERANCE, INC. PROFIT SHARING
PLAN & TRUST; H.L. SEVERANCE,
INC. PENSION PLAN & TRUST;
DANIEL G. HOFSTEIN; KEVIN
JOHNSON; CANDACE KAYE; LAURA
J. KOBY; CAROLE L. MCLAUGHLIN;
BRIAN PEIERLS; JOSEPH E. PETER;

No. 83835

FILED

JUN 30 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

22-20676

ALEXANDER PERELBERG; AMY PERELBERG; DANA PERELBERG: GARY PERELBERG; LINDA PERELBERG; THE REALLY COOL GROUP; RICHARD ALAN RUDY REVOCABLE LIVING TRUST; JAMES D. RICKMAN, JR.; JAMES D. RICKMAN, JR. IRREVOCABLE TRUST; PATRICIA D. RICKMAN IRREVOCABLE TRUST; ANDREW REESE RICKMAN TRUST; SCOTT JOSEPH RICKMAN IRREVOCABLE TRUST; MARLON DEAN ALESSANDRA TRUST; BRYAN ROBSON; WAYNE SICZ IRA; WAYNE SICZ ROTH IRA; THE CAROL W. SMITH REVOCABLE TRUST; THOMAS K. SMITH; SURAJ VASANTH; CATHAY C. WANG; LISA DAWN WANG; DARCY J. WEISSENBORN; THE MARGARET S. WEISSENBORN REVOCABLE TRUST; THE STANTON F. WEISSENBORN IRA; THE STANTON F. WEISSENBORN REVOCABLE TRUST; THE STANTON F. WEISSENBORN IRREVOCABLE TRUST; THE NATALIE WOLMAN LIVING TRUST; ALAN BUDD ZUCKERMAN; JACK WALKER; STEPHEN KAYE; THE MICHAEL S. BARISH IRA; AND THE ALEXANDER PERELBERG IRA,
Real Parties in Interest.

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss.

Real parties in interest (RPIs) are minority shareholders in AeroGrow International, Inc. AeroGrow recently merged with SMG

SUPREME COURT
OF
NEVADA

(O) 1947A

Growing Media, Inc. RPIs filed a class action against petitioners, alleging breach of fiduciary duty and aiding and abetting breaches of fiduciary duty. Petitioners moved to dismiss RPIs' amended complaint, arguing that the dissenters' rights provision in NRS 92A.380 made appraisal RPIs' exclusive remedy, precluding their complaint, and that the complaint failed to state a claim. The district court denied petitioners' motion to dismiss, determining that RPIs adequately pleaded their claims. Petitioners reasserted their arguments in this writ petition, asserting that the district court erred by denying their motion to dismiss.

*Petitioners have an adequate remedy at law*

Petitioners argue that writ relief is warranted because they lack a plain, speedy, or adequate remedy at law. We disagree.

Whether to grant a mandamus relief petition is within this court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of mandamus may issue to compel the performance of an act that the law requires or to control a district court's arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This extraordinary relief may be available if a petitioner does not have a plain, speedy, and adequate remedy otherwise. NRS 34.170. Generally, this court declines to consider writ petitions challenging interlocutory orders denying motions to dismiss because an appeal from a final judgment is an adequate and speedy legal remedy. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558-59. Moreover, this court has made plain that it will only entertain such petitions when "no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear

authority under a statute or rule . . . ." *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559.

We determine that writ relief is not warranted because petitioners have an adequate remedy through an appeal and this matter involves factual disputes better left for the district court. Petitioners may yet succeed by summary judgment after discovery has completed or at trial, and if they are unsuccessful on those fronts, they may appeal to this court. Additionally, the record demonstrates that trial is set for October 25, 2022. This expedited timeline further counsels our denial of this petition. Put simply, extraordinary relief is not warranted when the ordinary course of litigation will suffice.

*There are factual disputes between the parties*

Petitioners also argue that RPIs' complaint did not adequately allege either basis set forth in NRS 92A.380(2), that the district court erred in concluding that two of the petitioners owed fiduciary duties to the minority stockholders, and that the district court's conclusions imposing these duties on these parties were unsupported by the record.

Problematically, the parties vigorously contest the facts alleged in the complaint and the district court is best positioned to resolve this dispute. Petitioners have thus failed to show the absence of a factual dispute and that writ relief was appropriate on this basis.

*There are no important issues of law that need clarification*

Petitioners further contend that the petition will clarify when "stockholders may—and may not—assert certain claims challenging the price of a merger outside the exclusive appraisal process set forth in NRS Chapter 92A."

While this court may consider writ petitions where "an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition," *Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 559, this writ petition does not present any issues of law needing clarification. This court has clarified when dissenting shareholders fall under NRS 92A.380(2)'s exceptions. *Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 62 P.3d 720 (2003). And so, we conclude that writ relief is unwarranted on this ground as well.

Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Mark R. Denton, District Judge
       Jones Day/Atlanta
       Pisanelli Bice, PLLC
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Jones Day/Columbus
       Bryan Cave Leighton Paisner LLP/Denver
       Marquis Aurbach Coffing
       Muehlbauer Law Office, Ltd.
       Wolf Popper LLP
       Kemp Jones, LLP
       Bottini & Bottini, Inc.

Simons Hall Johnston PC/Reno
Eighth District Court Clerk