# IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLE ABEL,
Petitioner,
vs.
THE FOURTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF ELKO;
AND THE HONORABLE NANCY L.
PORTER, DISTRICT JUDGE,
Respondents,
and
DIAMOND MOORHEAD,
Real Party in Interest.

No. 71133

FILED

APR 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging district court orders extending juvenile restraining orders.

Petitioner Nicole Abel challenges the district court's use of a hearing master, arguing that the statutes governing orders for protection of children (NRS 33.400-.440) provide no authority for using hearing masters and the juvenile court adopted the master's recommendations without opportunity for objection, further hearing, or review. Abel further argues that the orders contain no findings tied to the elements of NRS 33.400(1)(a), which requires a petitioner to state a reasonable belief that a crime involving a nonaccidental physical or mental injury to a child has been or is continuing to be committed. Real party in interest Diamond

Moorhead responds that NRS 33.019 permits the district court to appoint masters in cases for protection against domestic violence, and this case involved domestic violence against the children. *See* NRS 33.018(1) (defining domestic violence to include an act against the minor child of a person with whom the perpetrator has a dating relationship or is residing).

Having considered the petition and attached documentation, we conclude that Abel has not demonstrated that our intervention by way of extraordinary writ relief is warranted because we are not convinced that NRS 33.400 applies. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). On May 19, 2016, the district court issued a temporary restraining order as to each child stating that the child was within the purview of NRS Chapter 62, that an application under NRS 200.591 had been made, and that it appeared to the court's satisfaction that Abel had committed or threatened to commit the offense of stalking, aggravated stalking, or harassment. *See* NRS 200.591 (allowing the court to grant a temporary or extended order protecting against stalking, aggravated stalking, or harassment). On June 21, 2016, the district court entered an order as to each child granting Moorhead's request for an extension stating, without citation to any legal authority, that the child was in need of protection and that the restraining order issued on May 19, 2016, was extended for one year. Thus, by extending the temporary orders, and in the absence of citation to any other legal grounds to support the issuance of an extended protection order, it appears that the extended orders were issued under NRS 200.591.

Because the orders were not issued under NRS 33.400, Abel has not demonstrated that we should intervene in this matter at this time.

*See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that the issuance of extraordinary writ relief is purely discretionary with this court). Accordingly, we

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

cc:    Hon. Nancy L. Porter, District Judge
Evenson Law Office
Diamond Moorhead
Elko County Clerk