# IN THE SUPREME COURT OF THE STATE OF NEVADA

VILLAGE LEAGUE TO SAVE INCLINE ASSETS, INC., A NEVADA NONPROFIT CORPORATION, ON BEHALF OF MEMBERS AND OTHERS SIMILARILY SITUATED; DEAN R. INGEMANSON, TRUSTEE OF THE LARRY D. & MARYANNE B. INGEMANSON TRUST; DEAN R INGEMNASON, INDIVIDUALLY AND AS TRUSTEE OF THE DEAN R. INGEMANSON TRUST; J. ROBERT ANDERSON; LES BARTA; KATHY NELSON, INDIVIDUALLY AND AS TRUSTEE OF THE KATHY NELSON TRUST; AND ANDREW WHYMAN,
Petitioners,
vs.
THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE PATRICK FLANAGAN, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA, BOARD OF EQUALIZATION; WASHOE COUNTY; WASHOE COUNTY TREASURER; AND WASHOE COUNTY ASSESSOR,
Real Parties in Interest.

No. 73573



FILED

AUG 2 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR A WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order granting a petition for judicial review and remanding the matter to the State Board of Equalization. Having considered the

SUPREME COURT
OF
NEVADA

(O) 1947A

17-28537

petition and appendix filed in this matter, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991); *see* NRAP 21(b)(1). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Hardesty

---

[1]In light of this denial, petitioners' emergency motion for stay is denied as moot. Additionally, Ellen Bakst, Jane Barnhart, Carol Buck, Daniel Schwartz, Larry Watkins, Don Wilson, Patricia Wilson, and Agnieszka Winkler (Bakst Intervenors) have submitted documents purporting to join in this petition, serve notice (and amended notice) of such joinder, and join in the emergency motion. To the extent the Bakst Intervenors advance additional arguments and seek relief different than that sought by petitioners, it appears such arguments and requests are not appropriately the subject of a joinder, and the Bakst Intervenors should have filed a separate proceeding, along with the required filing fee. *See* NRS 2.250; NRAP 21(e). Thus, we direct the clerk to return the documents submitted by the Bakst Intervenors, unfiled, and we will take no further action on them in this matter.

cc: Hon. Patrick Flanagan, District Judge
Snell & Wilmer, LLP/Reno
Washoe County District Attorney/Civil Division
Attorney General/Las Vegas
Dyer, Lawrence, Flaherty, Donaldson & Prunty
Washoe District Court Clerk