# IN THE SUPREME COURT OF THE STATE OF NEVADA

D.R. HORTON, INC., A DELAWARE
CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE TIMOTHY C.
WILLIAMS, DISTRICT JUDGE,
Respondents,
and
AMERICAN ASPHALT & GRADING
COMPANY, A NEVADA
CORPORATION; NOVA ENGINEERING
AND ENVIRONMENTAL OF NEVADA,
INC., F/K/A OWENS GEOTECHNICAL
INC., A NEVADA CORPORATION;
O.P.M., INC., A NEVADA
CORPORATION, D/B/A
CONSOLIDATED ROOFING,
Real Parties in Interest.

No. 71095

FILED

SEP 19 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF PROHIBITION OR MANDAMUS

This original petition for a writ of prohibition or mandamus challenges a district court order granting a motion for partial summary judgment in a construction defect action and an order granting a motion to partially exclude an expert witness.

Having considered the parties' arguments and the record, we conclude that our extraordinary intervention is not warranted, as we are not persuaded that the district court arbitrarily or capriciously exercised its discretion in deciding the challenged orders. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)

(explaining when a writ of mandamus may be warranted)[1]; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (recognizing that writ relief is an extraordinary remedy and that the petitioner bears the burden of showing that remedy is warranted). Although D.R. Horton suggests that this court should resolve the petition based on the summary judgment standard set forth in *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), that standard is at odds with this court's recognized standard for granting writ relief, *see Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558, which we conclude has not been met. We clarify that our denial of this writ petition does not preclude D.R. Horton from raising the same or similar issues in an appeal from a final judgment or from a judgment amenable to certification under NRCP 54(b). *See* 18B Charles Alan Wright et al., Federal Practice and Procedure § 4478.5 n.7 (West Supp. 2017) (compiling cases recognizing in general that "[d]enial of a petition for mandamus ordinarily does not establish a law of the case that would bind the court on a later appeal"). In light of the foregoing, we

ORDER the petition DENIED.

_____ , J.
Douglas

_____ J.
Gibbons

_____ , J.
Pickering

---

[1]Although D.R. Horton also seeks a writ of prohibition, it does not seriously contend that the district court acted in excess of its jurisdiction. *Cf. Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (explaining when a writ of prohibition may be warranted).

cc: Hon. Timothy C. Williams, District Judge
Wolfenzon Rolle Edwards
Lincoln, Gustafson & Cercos
Helm & Associates
Gordon & Rees Scully Mansukhani LLP
Lemons, Grundy & Eisenberg
Eighth District Court Clerk