# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| S. WOLFE THOMPSON,<br>Petitioner,<br><br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>SUSAN JOHNSON, DISTRICT JUDGE,<br>Respondents. | No. 73982<br><br>**FILED**<br><br>OCT 13 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

### *ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION*

Petitioner challenges a letter from respondent Honorable Susan Johnson, District Judge, advising petitioner that he had been removed from the panel of short trial judges and disqualified from presiding over two short trials, as determined by the EDCR 1.93 committee composed to make removal decisions regarding pro tempore judges.

Having considered the petition, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Although petitioner disagrees with the committee's decision and asserts that his actions in seeking payment of his fee were appropriate under the short trial rules, he has not pointed to any controlling law or arbitrary or capricious exercise of discretion that would mandate his retention on the short trial judge panel, such that mandamus relief would be appropriate. NRS 34.160 (providing that a writ of mandamus may issue to compel the performance of an act required by law, as a duty resulting from an office, trust or station); *Int'l Game Tech., Inc. v. Second Judicial*

*Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NSTR 3(c) (providing that a short trial judge may be removed from the program in accordance with the procedures adopted by each of the district courts); EDCR 1.93 (outlining procedure for removal or discipline of short trial judge). Likewise, although petitioner alternatively seeks a writ of prohibition, he has not demonstrated or even argued that the committee exceeded its jurisdiction in removing him. NRS 34.320 (providing that a writ of prohibition may issue to arrest the proceedings of a tribunal when such proceedings are without or in excess of the tribunal's jurisdiction). To the contrary, EDCR 1.93 authorizes the committee to remove a short trial judge and the rule further provides that the committee's decision is final. In accordance with EDCR 1.93, the committee made a final decision to remove petitioner after considering his response to its written notification of potential removal. Neither mandamus nor prohibition are appropriate to compel the committee to decide otherwise. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Susan Johnson, District Judge
Wolfe Thompson
Attorney General/Carson City
Eighth District Court Clerk