# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE KATHLEEN E.
DELANEY, DISTRICT JUDGE,
Respondents,
and
TRAVERS ARTHUR GREENE,
Real Party in Interest.

No. 75094

**FILED**

JUN 1 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This petition for a writ of mandamus or prohibition challenges an order of the district court granting a motion to amend the caption on a judgment of conviction to reflect a post-judgment name change.

The real party in interest was convicted in 1995 of murder and sentenced to death under the name of Travers Arthur Greene. In 2015, Greene obtained a court order legally changing his name to Arthur Julius-Greene Beraha for religious reasons. Subsequently, Beraha filed a motion in his criminal case to amend the caption on the judgment of conviction to reflect his legal name change, relying on the First Amendment.[1] The

---

[1]Beraha asserts that the Nevada Department of Corrections will not change its records to use his new legal name without an amended judgment of conviction.

18-23054

district court granted the motion and amended the caption on the judgment of conviction to include only the new name. The State argues that the district court lacks the authority to grant a motion to change the caption on the judgment of conviction to reflect a post-judgment name change. We agree.

Whether to consider a writ petition is within this court's discretion, *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and a petitioner bears the burden of demonstrating that extraordinary relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Intl Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160. An arbitrary or capricious exercise of discretion is "one founded on prejudice or preference rather than reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (internal citations and quotation marks omitted).

There is no statutory authority permitting the district court to amend the caption on a judgment of conviction to reflect a post-judgment name change when the relief is sought by a motion filed in the criminal case. NRS 41.290(3) provides that when a court "grants a change of name to a person who has a criminal record, the clerk shall transmit a certified copy of the order to the Central Repository for Nevada Records of Criminal History for inclusion in that person's record of criminal history." Nothing

in this statute requires or authorizes the district court to amend the judgment of conviction to reflect the name change. Further, nothing in the criminal statutes authorizes a motion to amend the judgment of conviction to reflect a post-judgment name change. In fact, NRS 174.025 provides that a defendant will be prosecuted under the name set forth in the indictment, information, or complaint unless that is altered at the time of arraignment. There is no current statutory authority for altering the name on the judgment of conviction years after a conviction has become final.

Beraha argues that the district court had the inherent authority to amend the caption on the judgment of conviction. Without reaching or determining the merits of his First Amendment claim, we disagree. Inherent authority is rooted in separation of powers and the power of the court to carry out its judicial functions. *Halverson v. Hardcastle*, 123 Nev. 245, 259-61, 163 P.3d 428, 438-40 (2007). "[T]he judiciary may make rules and carry out other incidental powers when 'reasonable and necessary' for the administration of justice." *Id.* at 261, 163 P.3d at 440 (quoting *Borger v. Eighth Judicial Dist. Court*, 120 Nev. 1021, 1029, 102 P.3d 600, 606 (2004)). Examples given in *Halverson* include: contempt, sanction, and dismissal of an action to protect the dignity and decency of the court proceedings and to enforce a court's decrees; discipline of judges to prevent injustice and to preserve the integrity of the judicial process; and actions to make certain that the courtrooms are secure. *Id.* at 261-62, 163 P.3d at 440-41. Inherent authority should be exercised within the confines of existing law, and only when other established methods fail or in an emergency situation. *Id.* at

263, 163 P.3d at 441. Here, there are other established methods available to Beraha to litigate his First Amendment claim—a civil rights action pursuant to 42 U.S.C. § 1983, for example. Thus, it would not be reasonable or necessary to exercise inherent authority to determine whether the First Amendment requires amendment to the caption of a judgment of conviction that was correct when it was entered. And the fact that the district court may amend the judgment of conviction to correct a clerical error or revoke probation and modify the sentence imposed does not mean that the district court may amend the judgment of conviction for other reasons. Unlike the First Amendment challenge in this case, the correction of clerical errors and the modification of a sentence after revocation of probation are statutorily authorized.[2] *See* NRS 176.565; NRS 176A.630.

Our reasons for rejecting inherent authority in this instance are borne out by what occurred in the district court. The motion in this case, premised upon a First Amendment challenge, was filed to cause the Department of Corrections to change its records. But the Department of Corrections was not a party to this litigation; consequently, the Attorney General, as the representative of the Department of Corrections, was not a party to this litigation and instead the Clark County District Attorney's Office was improperly positioned as counsel representing the position of the Department of Corrections. Confusion regarding the motion also

---

[2]The other instances cited, errors found on direct appeal or in postconviction proceedings, are inapposite to the amendment sought in this case.

plagued the pleadings. Beraha complains that the State failed to present arguments in the proceedings below. But this complaint falls flat when Beraha's initial motion did not explain the First Amendment claim in any cogent fashion and did not cite to any relevant authority that would allow the district court to amend the caption on the judgment of conviction to reflect a post-judgment name change.[3] The State's opposition was based upon the propriety of the motion not the merits of the claims therein. The hearing on the motion, which the State appears to believe involved only the question of whether the court had the authority to amend the caption, reached the merits of the First Amendment claim. And the hearing and final order fail to reference the test that was applied making it difficult to discern the propriety of the decision.

This case highlights again what appears to be an increasingly common occurrence—the filing of a motion in a criminal case under the auspices of inherent authority to seek relief which is properly sought in a civil rights action or some other type of civil action directed against the Department. *See, e.g., State v. Eighth Judicial District Court*, Docket No. 74722 (Order Granting Petition, May 10, 2018). Problematic with this method of litigation is that it leaves the courts and the parties confused as to the proper process, pleadings, parties, and applicable law. Under these circumstances, we conclude that the district court acted arbitrarily and

---

[3]Beraha's reliance upon *Sasser v. State*, 130 Nev. 41, 324 P.3d 1221 (2014) as providing authority for post-judgment amendments to the judgment of conviction was misplaced as *Sasser* involved the correction of errors in the presentence investigation report and not an amendment to the caption on a judgment of conviction based on religious grounds.

capriciously in amending the judgment of conviction,[4] and we grant the State's petition to issue a writ of mandamus directing the district court to vacate the amended judgment of conviction so as to restore the original judgment of conviction as the operative judgment.[5] Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the amended judgment of conviction.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Kathleen E. Delaney, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Federal Public Defender/Las Vegas
       Eighth District Court Clerk

---

[4]We further note that the amendment was improper as it did not retain the name that Beraha was formerly known by, Travers Arthur Greene, which is essential for accurate record keeping.

[5]We direct the State to provide NDOC with a copy of this order.