# IN THE SUPREME COURT OF THE STATE OF NEVADA

TEACHERS HEALTH TRUST,
MEDSOURCE MANAGEMENT GROUP,
LLC D/B/A WELLHEALTH QUALITY
CARE; AND CLARK COUNTY
EDUCATION ASSOCIATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
STEFANY MILEY, DISTRICT JUDGE,
Respondents,
DIANA GOODSELL; SHERI
DEBARTOLO; MICHELLE REILLY;
AND ANNETTIE ANAS,
Real Parties in Interest.

No. 78827



**FILED**

JUL 2 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order certifying a class in a breach of contract and tort action involving health insurance coverage and claims. Despite requesting a writ of prohibition, petitioners do not argue that the district court exceeded its jurisdiction. *Cf. Smith*, 107 Nev. at 677, 818 P.2d at 851 ("Prohibition is a proper remedy to restrain a district judge from exercising a judicial function without or in excess of its jurisdiction.").

Having considered the petition and supporting documentation, we conclude that our extraordinary and discretionary intervention is not warranted. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). In particular, we are not persuaded that the district court arbitrarily or capriciously abused its discretion in

certifying real parties in interest as a class. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) ("A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion."); *Shuette v. Beazer Homes Holdings Corp.*, 121 Nev. 837, 846, 124 P.3d 530, 537 (2005) (recognizing that the decision to certify a class is within the district court's discretion); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted). Further, the district court may reconsider its certification order once the case is further developed. NRCP 23(d)(1); *see Shuette*, 121 Nev. at 857-58, 124 P.3d at 544. Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Stefany Miley, District Judge
     Snell & Wilmer, LLP/Las Vegas
     Joseph G. Adams, Esq.
     Snell & Wilmer, LLP/Reno
     Shumway Van
     Pitegoff Law Office
     Callister & Associates
     Eighth District Court Clerk

---

[1]In light of this order, petitioners' motion for a stay is denied as moot.