# IN THE SUPREME COURT OF THE STATE OF NEVADA

MGM GRAND HOTEL, LLC, A NEVADA LIMITED LIABILITY COMPANY, D/B/A MGM GRAND HOTEL AND CASINO, D/B/A GRAND GARDEN ARENA, INCLUSIVE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE KENNETH C. CORY, DISTRICT JUDGE,
Respondents,
 and
KAREN FONSETH-SCHLOSSBERG,
Real Party in Interest.

No. 79769

FILED

OCT 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DENYING PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges an October 11, 2019, district court order denying MGM Grand Hotel, LLC's motion to disqualify opposing counsel in a tort action.

We have reviewed the petition and the supporting documentation and we deny writ relief. The district court considered the evidence presented by the parties, addressed the three prongs set forth

19-44464

by this court in *Waid v. Eighth Judicial District Court*, 121 Nev. 605, 609-10, 119 P.3d 1219, 1222-23 (2005), and concluded that MGM Grand failed to demonstrate that Kylee L. Gloeckner's prior representation of MGM Grand was in a matter substantially related to the litigation at issue here. In reaching its determination, the district court correctly concluded "that a superficial similarity between two matters is not sufficient to warrant disqualification." *See Waid*, 121 Nev. at 610, 119 P.3d at 1223 (stating "that a superficial resemblance between matters is not sufficient; 'rather, the focus is properly on the precise relationship between the present and former representation'"). Based on the record before us, we cannot conclude that the district court manifestly abused its discretion when it denied MGM Grand's motion to disqualify. *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 123 Nev. 44, 54, 152 P.3d 737, 743 (2007) (noting that the district court is entitled to deference because it is more familiar with the facts of the case and in the best position to determine whether disqualification is appropriate).

Thus, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an

extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).[1] Accordingly we,

ORDER the petition DENIED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Kenneth C. Cory, District Judge
     Christian, Kravitz, Dichter, Johnson & Slugga, PLLC/Las Vegas
     Nettles Morris
     Eighth District Court Clerk

_____

[1]In light of this order, we deny as moot petitioner's motion for stay pending writ of mandamus and vacate the temporary stay ordered by this court on October 10, 2019.