## IN THE SUPREME COURT OF THE STATE OF NEVADA

GIBSON LEXBURY LLP,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK; AND
THE HONORABLE RONALD J. ISRAEL,
DISTRICT JUDGE,
Respondents,
and
CIPRIAN IONAS, ON HIS OWN BEHALF
AND AS PRINCIPAL OF AMERICAN
EXPRESSWAY INC.; BLACK ROCK
BROTHERS, LLC; AND JAMES WAGNER,
Real Parties in Interest.

No. 81676

**FILED**

DEC 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF MANDAMUS*

This original petition for a writ of mandamus challenges multiple district court orders relating to an NRCP 11 motion for sanctions.

The district court denied petitioner's NRCP 11 motion for sanctions that petitioner filed on behalf of its former clients, American Expressway Inc. and real party in interest Ciprian Ionas.[1] The district court also awarded $8,750 in attorney fees under NRCP 11(c)(2)'s prevailing-party provision to be paid by the former clients. Thereafter, in a July 7, 2020, order, the district court held petitioner jointly and severally liable for that award.

---

[1]American Expressway Inc. is not a party to this proceeding, and we direct the clerk of this court to amend the caption of this case to conform to the caption on this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-46496

Petitioner contends that the district court abused its discretion because the imposition of joint and several liability amounted to a sanction without affording petitioner adequate notice and an opportunity to be heard. *See Watson Rounds v. Eighth Judicial Dist. Court*, 131 Nev. 783, 787, 358 P.3d 228, 231 (2015) ("This court reviews sanctions awarding attorney fees for an abuse of discretion."); *Valley Health Sys., LLC v. Estate of Doe*, 134 Nev. 634, 647, 427 P.3d 1021, 1032 (2018), *as corrected* (Oct. 1, 2018) ("Due process principles require that an attorney accused of professional misconduct receive notice of the charges levied against him or her."). We agree. Although real parties in interest Black Rock Brothers and James Wagner (collectively, Black Rock) contend that petitioner had adequate notice and an opportunity to be heard, we are not persuaded that Black Rock's June 19, 2020, limited opposition to petitioner's motion to withdraw as counsel and petitioner's June 29, 2020, responsive filing constituted sufficient notice and opportunity given the roundabout nature in which the sanctions were imposed.[2]

Accordingly, we conclude that the district court abused its discretion in sanctioning petitioner without affording petitioner adequate notice and an opportunity to be heard. To the extent that petitioner seeks additional relief, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849,

---

[2]Nor are we persuaded by Black Rock's case law interpreting NRCP 11(c)(2)'s federal analog, particularly when Black Rock itself referred to the attorney fee award as a "sanction" in its June 19 opposition.

851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Consistent with the foregoing, we

ORDER the petition GRANTED IN PART AND DENIED IN PART and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its July 7, 2020, order holding petitioner jointly and severally liable for the attorney fee award.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
       Gibson Lexbury LLP
       Brownstein Hyatt Farber Schreck, LLP/Las Vegas
       Ciprian Ionas
       Eighth District Court Clerk