# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN TOLY; AND SHERRY TOLY, HUSBAND AND WIFE,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOANNA KISHNER, DISTRICT JUDGE,
Respondents,
and
BLACKROCK HOMEOWNERS ASSOCIATION, INC.,
Real Party in Interest.

No. 83320

FILED

SEP 1 6 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus or prohibition challenges a district court order denying a motion to dismiss a complaint for declaratory and injunctive relief.

Having considered the petition and supporting documentation, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).

Petitioners contend that they are entitled to writ relief because the district court failed to apply controlling law, namely NRS 38.310, which requires dismissal of a "civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of" CC&Rs. However, the district court found that the claims in real party in interest's complaint fell

21-26906

within NRS 38.300(3)'s exception to the definition of "civil action," in that there *was* "an immediate threat of irreparable harm" underlying real party in interest's claims. We are not persuaded that the district court clearly erred in finding that there may be a threat of immediate and irreparable harm to real party in interest, particularly at this early stage of the litigation and given that the district court denied petitioners' motion without prejudice. Accordingly, petitioners have failed to establish that they are entitled to a writ of mandamus, *see Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1197 (2020) (stating conditions requisite to mandamus relief, including that petitioners have a legal right to the act the petition seeks to compel, respondent has a plain duty to perform such act, and the absence of an alternate legal remedy), or that the district court has clearly exceeded its jurisdiction, *see* NRS 34.320 (providing that a writ of prohibition is available to restrain a tribunal's proceedings that "are without or in excess of [its] jurisdiction"). We therefore

ORDER the petition DENIED.[1]

_____, C.J.
Hardesty

_____, J.          _____, Sr. J.
Stiglich                            Gibbons

cc:   Hon. Joanna Kishner, District Judge
      The Wright Law Group
      Gibbs Giden Locher Turner Senet & Wittbrodt LLP/Las Vegas
      Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A