IN THE SUPREME COURT OF THE STATE OF NEVADA

THE HEIGHTS OF SUMMERLIN, LLC,
D/B/A THE HEIGHTS OF
SUMMERLIN, A FOREIGN LIMITED
LIABILITY COMPANY,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VERONICA BARISICH, DISTRICT
JUDGE,
Respondents,
and
SUSAN DRAVES, INDIVIDUALLY AND
AS SPECIAL CO-ADMINISTRATOR;
AND ROBERT STRONG,
INDIVIDUALLY AND AS SPECIAL CO-
ADMINISTRATOR OF THE ESTATE
OF WILLIAM BASS,
Real Parties in Interest.

No. 84260

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss. Having considered the petition and its documentation, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 683, 476 P.3d 1194, 1198 (2020) (declining to grant writ relief when a later appeal was available); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is

an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition). Generally, we will not consider writ petitions challenging orders denying motions to dismiss, and we are not persuaded that any exception to the general rule applies here. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197-98, 179 P.3d 556, 558-59 (2008) (discussing writ petitions challenging denials of motions to dismiss). We therefore

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____ Sr.J.
Gibbons

cc:  Hon. Veronica Barisich, District Judge
     Messner Reeves LLP
     Burris & Thomas
     Eighth District Court Clerk

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.