# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH S. GILBERT, ESQ.,
Petitioner,
vs.
STATE BAR OF NEVADA,
Respondent.

No. 84113

**FILED**

MAY 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION AND LIFTING STAY*

This original petition for a writ of mandamus or prohibition seeks, amongst other relief, a writ directing the dismissal of disciplinary proceedings and an investigation into the State Bar. Having considered the briefing and documentation filed by both parties, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).

Petitioner Joseph S. Gilbert argues that respondent the State Bar of Nevada released a proposed letter of reprimand issued by a screening panel in the underlying disciplinary proceedings to the press in violation of confidentiality rules. But the documentation before this court contains no evidence tending to show that the State Bar released the proposed letter or violated confidentiality rules, such that Gilbert has failed to meet his burden of showing that writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is

22-15242

warranted). The State Bar also has not violated Gilbert's due process rights such that writ relief would be warranted because the proposed reprimand did not become final due to Gilbert's timely objection to the same and the State Bar has not otherwise recommended any discipline for Gilbert at this time. *See* SCR 105(1)(b), (c) (providing that an attorney may object to a screening panel's decision to issue a letter of reprimand, after which the State Bar must commence formal proceedings; and that "a panel shall not make a finding of misconduct until the attorney has been given an opportunity to respond to the allegations against the attorney"). As Gilbert has failed to show he is entitled to any of the relief he seeks, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc: Clark Hill PLC
Lipson Neilson P.C.
Executive Director, State Bar of Nevada
Bar Counsel, State Bar of Nevada

---

[1]Because we deny writ relief, we deny Gilbert's request for attorney fees and costs related to these writ proceedings and lift the stay of the disciplinary proceedings previously imposed by this court on March 23, 2022.