IN THE SUPREME COURT OF THE STATE OF NEVADA

TYLER DAVID POOL,
Petitioner,
vs.
THE SIXTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
HUMBOLDT; AND THE HONORABLE
MICHAEL MONTERO, DISTRICT
JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 85571

FILED

NOV 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or, in the alternative, prohibition challenges the district court's jurisdiction to enter a scheduling order following the State's filing of a notice of appeal in both the justice court and the district court.

A writ of mandamus is available to compel the performance of an act that the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see* NRS 34.160.

A writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." NRS 34.320.

 

22-35923

A writ is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). Petitioner bears the burden to show that extraordinary relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered the petition and documents submitted in support thereof, we are not persuaded that our extraordinary intervention is warranted. Petitioner has not demonstrated that the district court failed to perform an act the law requires or arbitrarily or capriciously abused its discretion, *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558, nor has he demonstrated that the district court acted in excess of its jurisdiction, NRS 34.320.

The State appropriately filed a notice of appeal in the justice court challenging that court's granting of petitioner's motion to suppress. *See generally* NRS 189.020 ("The party intending to appeal must file with the justice . . . a notice entitled in the action, setting forth the character of the judgment, and the intention of the party to appeal therefrom to the district court.").

Petitioner points to no case law or statute that supports the argument that the State filing an additional and superfluous notice of appeal in the district court to appeal a justice court's suppression decision would deprive the district court of its appellate jurisdiction. NRS 189.120(1) ("The State may appeal to the district court from an order of a justice court granting the motion of a defendant to suppress evidence."). Accordingly, we ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

cc: Hon. Michael Montero, District Judge
   Humboldt County Public Defender
   Attorney General/Carson City
   Humboldt County District Attorney
   Humboldt County Clerk

