IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GINGER P.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF CLARK;<br>AND THE HONORABLE CYNTHIA N.<br>GIULIANI, DISTRICT JUDGE,<br>Respondents,<br>and<br>CLARK COUNTY DEPARTMENT OF<br>FAMILY SERVICES; AND C. A., MINOR<br>CHILD,<br>Real Parties in Interest. | No. 85002<br><br>**FILED**<br><br>NOV 18 2022<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

## *ORDER DENYING PETITION FOR A WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order denying a request for placement of a minor child. Having considered the petition, the answers, the reply, and the supporting documentation, we are not persuaded that our extraordinary and discretionary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (observing that the party seeking writ relief bears the burden of showing such relief is warranted); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991) (recognizing that writ relief is an extraordinary remedy and that this court has sole discretion in determining whether to entertain a writ petition).

Nothing in the supporting documents indicates that the district court's factual findings regarding the child's best interest, which is the main consideration, were clearly erroneous or arbitrary or capricious. *Philip R.*

*v. Eighth Judicial Dist. Court*, 134 Nev. 223, 228-29, 416 P.3d 242, 247-48 (2018) (explaining that in considering a placement decision in light of NRS 128.110's familial preference, the main consideration is the child's best interest); *see also Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) (providing that this court leaves witness credibility determinations to the district court). Additionally, the district court's consideration of petitioner's motion to intervene and be recognized as a person of special interest on the same date as the placement hearing does not warrant our extraordinary relief given that petitioner would not have been permitted to conduct discovery or serve subpoenas. NRS 432B.457 (permitting a person of special interest to be notified of plans regarding the child and to testify at placement hearings); *see, e.g.,* NRCP 26 (permitting *parties* to conduct discovery). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.       _____, Sr.J.
Stiglich                                 Gibbons

cc:     Hon. Cynthia N. Giuliani, District Judge, Family Court Division
        Rosenblum Allen Law Firm
        Burger Meyer, LLP
        Clark County District Attorney/Civil Division
        Eighth District Court Clerk

---

[1]The Honorable Mark Gibbons, Senior Justice, participated in the decision in this matter under a general order of assignment.